UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **WAYNE HARROPSON,** | ) | NO. CV 15-673 JAK (KLS) |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | **ORDER: DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| **U.S. GOVERNMENT, et al.,** | ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

On April 28, 2015, Wayne Harropson ("Plaintiff") a California resident proceeding *pro se*, filed a civil rights Complaint alleging that the United States government had unconstitutionally discriminated and retaliated against him by, amongst other things, conducting a tax audit,. (ECF No. 1.) On August 18, 2015, the Court issued an Order ("August 18 Order") which, inter alia, reminded Plaintiff that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)"), he had 120 days from the filing date of the Complaint in which to effect service of process on defendants. (ECF No. 11.) The August 18 Order cautioned that, if service of process was not completed within 120 days, this action could be dismissed. The Rule 4(m) deadline by which service of process had to be completed was August 26, 2015.

1

On September 14, 2015, more than 18 days after the Rule 4(m) deadline had passed, the Court issued an order ("September 14 Order") requiring Plaintiff to show cause by no later than September 28, 2015, why his case should not be dismissed for failure to serve process. (ECF Docket No. 6.)

More than 20 days have now passed since the deadline for Plaintiff's response to the Court's September 14 Order, and the Court has not received any communication from Plaintiff regarding his case since he paid his filing fee on May 19, 2015, five months ago. Thus, the Court concludes that the Complaint should be dismissed without prejudice for failure to prosecute and comply with court orders, pursuant to Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service of the summons and complaint is not made upon a defendant within 120 days of filing the complaint, district courts have the authority to sua sponte dismiss an action without prejudice, after notice to the plaintiff. If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service. *See Muhammed v. Dep't of Treasury*, 1998 U.S. Dist. LEXIS 20830 at \*9 (C.D. Cal. Nov. 19, 1998). The burden of establishing good cause is on the plaintiff. *Id*. at \*10. The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992). Although pleadings by *pro se* litigants are construed liberally, *pro se* litigants are nonetheless bound by the rules of procedure. *King v. Atiyeh,* 814 F.2d 565, 576 (9th Cir. 1987) overruled on other grounds by *Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012). In this case, Plaintiff failed to effect service as

required under Rule 4(m).  Plaintiff has also failed to show good cause, despite being given ample time to explain his failure to follow the procedure under Rule 4(m).

In addition, Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).  In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal.  Five months have passed since Plaintiff paid his filing fee, and Plaintiff has not communicated with the Court about his case since then despite two court orders requiring him to do so.  Plaintiff's failure to comply with two court orders and his many months of silence regarding his case preclude the Court from moving this case toward disposition and indicate that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendant – also counsels in favor of dismissal.  The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to warrant dismissal.  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978).  Although this presumption may be rebutted where the plaintiff proffers a non-frivolous excuse for the delay, *see Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California*

*Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999), in this case, Plaintiff has provided no explanation for his failure to comply with the August 18 and September 14 Orders, and his noncompliance precludes the Court from obtaining an explanation for his delay. Accordingly, the "prejudice" element favors dismissal.

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, because the Court has given Plaintiff the opportunity to avoid dismissal and received no response, no lesser sanction is available in this case. *See Henderson v. Duncan*, 779 F.2d 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions other than dismissal are not appropriate.

Only the fifth factor, the general policy favoring resolution of cases on the merits, arguably favors retention of this action on the Court's docket. "Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and to move towards that disposition at a reasonable pace." *Beringer v. Cty. of San Bernardino*, 2014 U.S. Dist. LEXIS 168286 at *6 (C.D. Cal. Nov. 4, 2014) (citing *Eisen*, 31 F.3d at 1454) (internal quotation marks omitted).

Plaintiff has not fulfilled that obligation and the Court cannot dispose of a case on its merits when the Plaintiff declines to participate in his own action. Because the Court has not heard from Plaintiff in five months, it does not appear that the Court's retention of this action would increase the likelihood that the matter would be resolved on its merits.

\\
\\
\\
\\

For the foregoing reasons, the above captioned matter is dismissed without prejudice; and Judgment shall be entered accordingly.   IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

As required by Fed. R. Civ. P. 58 (a) (1), final judgment will be issued separately.

DATED: 10/26/15

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN L. STEVENSON